THE VALLEY BANK AND SAVINGS INSTITUTION, *et al.*,
v. THE LADIES' CONGREGATIONAL SEWING SOCIETY.

1. PETITION, *Allegations of, Construed.* The statements in a petition that
an incorporated bank has long since ceased to transact business, is in-
solvent, and has no property or assets of any description out of which
the money alleged to be due can be collected by execution or other
process of law, are not equivalent to an allegation that the corporation
is dissolved.

2. BANK; *Execution against Stockholders, When.* Where an action is brought
against an incorporated bank to recover money due upon a certificate of
deposit issued by it to the plaintiff, and certain stockholders of the bank
are also made parties defendant, and the petition fails to show that the
bank is dissolved, or that primarily there is any liability against the
stockholders within the terms of the statute, no judgment can be ren-
dered in the first instance against the stockholders. After judgment is
obtained against the corporation, if the execution issued thereon against
its property be returned *nulla bona*, then execution may issue against
any of the stockholders to an extent equal in amount to the amount of
stock owned by him or her, in accordance with the terms of § 32, art. 4,
ch. 23, Comp. Laws of 1879.

*Error from Jefferson District Court.*

ACTION by the *Ladies' Congregational Sewing Society* against
the *Valley Bank and Savings Institution, M. P. Hillyer, Mar-
cus Hefty, Luman Rutty, Jared Rutty, Henry Legler, J. M.
Piazzek, E. M. Hutchings* and *J. P. Barnes,* begun in the
district court of Jefferson county, October 1, 1880, to recover
$522.50, with interest at 10 per cent. per annum from March
10, 1879, upon a certificate of deposit issued on said March
10 by the *Valley Bank and Savings Institution,* and payable
to the order of the *Ladies' Congregational Sewing Society* one
year after date thereof, with 10 per cent. interest. The *Val-
ley Bank and Savings Institution, M. P. Hillyer, Marcus
Hefty, Luman Rutty, Jared Rutty* and *Henry Legler* failed to
appear by answer, demurrer, or otherwise, and at the No-
vember Term of court for 1880 judgment was rendered
against them for the full amount claimed, together with costs.

On February 22, 1881, said defendants filed a motion to set aside the judgment upon the following grounds:

"1. That said judgment was rendered against the defendants when no petition had been filed in the court in the action in which the judgment was obtained, stating or setting forth facts sufficient to constitute a cause of action against them.

"2. That there was never any service of summons made upon the defendant, the Valley Bank and Savings Institution, in the action in which the judgment was rendered against the defendants."

Upon the motion coming on to be heard, the court permitted the sheriff to amend his return to the summons to correspond and accord with the actual facts, which was accordingly done; and afterward, on the 28th day of February, 1881, Hon. W. C. W., judge *pro tem.*, presiding, the motion to vacate and set aside the judgment was overruled; to which ruling and decision the defendants excepted, and bring the case here.

*Keeler & Gephart*, and *Louis A. Myers*, for plaintiffs in error.

*G. W. McCammon*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: I. The court committed no error in permitting the sheriff to amend his return to the summons, and after such amendment had been made, it appeared from the return that due and proper service of the summons had been had upon the Valley Bank and Savings Institution. The amendment made was not to confer jurisdiction, but to make the return conform to the facts. (*Forman v. Carter*, 9 Kas. 674; *Challiss v. Headley*, 9 Kas. 684; *Kirkwood v. Reedy*, 10 Kas. 453.)

II. The exception that the plaintiff named in the petition was not a proper party plaintiff, and a mere nullity, is untenable. The certificate of deposit was executed payable to the order of the plaintiff. (*Esley v. The People*, 23 Kas. 510.)

III. The objection to the sufficiency of the petition by the

parties in default other than the Valley Bank and Savings Institution, is well taken. The petition charges: "That the said defendants, and each of them, on, before and after the said 10th day of March, 1879, [the date of the issuance of the certificate of deposit sued on,] were, and now are, stockholders in said corporation, the Valley Bank and Savings Institution, each holding and owning more than $500 of paid-up stock therein; that the said Valley Bank and Savings Institution has long ceased to transact business and is insolvent, and has no property or assets of any description out of which said sum or any part could be collected by execution or other process of law." Now as a rule, outside of constitutional or statutory provisions, stockholders are not personally liable to the creditors of a corporation; therefore, unless there is some provision in our constitution or statute making the stockholders of a bank liable when it ceases to do business with debts unpaid, the petition fails to show that the persons in default were primarily indebted to the plaintiff. The only provision of our statute under which it can possibly be claimed that the stockholders are liable under the allegations of the petition is § 44, art. 5, ch. 23, Comp. Laws of 1879. This, among other things provides:

"If any corporation created under this or any general statute of this state, except railway or charitable or religious corporations, be dissolved leaving debts unpaid, suits may be brought against any person or persons who were stockholders at the time of such dissolution, without joining the corporation in such suit."

A corporation is dissolved—*First,* by the expiration of the time limited in its charter; *second,* by a judgment of dissolution rendered by a court of competent jurisdiction. (Comp. Laws of 1879, ch. 23, art. 5, § 40.) The allegations in the petition are sufficient to authorize the commencement of an action for a dissolution of the Valley Bank and Savings Institution, but no such action has as yet been brought, and it does not appear that the corporation is dissolved; therefore the stockholders are not primarily liable to the creditors of

the bank for its debts.   A statement that a corporation has ceased to transact business and is insolvent is not equivalent to an allegation that the corporation is dissolved.   Under the provision of § 32, art. 4, ch. 23, Comp. Laws of 1879, if execution issue against the property or effects of the Valley Bank and Savings Institution, and such execution be returned *nulla bona,* then execution may be issued against any of the stockholders thereof to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon.   But prior to the issuance of the execution against any stockholders, the notice and proceedings set forth in said § 32 must be complied with.   Perhaps in this connection we ought to remark that there are no allegations in the petition making the stockholders of the bank liable under the terms of ch. 47, Laws of 1879.   The judgment against the Valley Bank and Savings Institution will be affirmed; but as the state of facts alleged in the petition does not authorize a recovery against the other plaintiffs in error, the judgment against them must be reversed.

All the Justices concurring.