M. V. B. Van Demark *et al.* v. F. E. Barons.

1. Corporation — *Transfer of Stock — General Rule.* The general is,
that shares of stock of a corporation are personal property, and
may be transferred like any other property, unless the transfer is
restrained by the charter or articles of association, and that a *bona
fide* transfer terminates the liability of the transferrer either to the
company or to creditors.

2. Stockholder — *Measure of Liability.* The liability of a stockholder
of a corporation against whom an execution may be issued under
the provisions of ¶ 1192, Gen. Stat. of 1889, is measured by the num-
ber of shares held by him at the time the execution against the prop-
erty or effects of the corporation is found to be ineffectual.

*Error from Cloud District Court.*

On the 28th day of September, 1885, before A. B. Chaf-
fee, a justice of the peace of Cloud county, in this state, F.
E. Barons recovered a judgment of $135.08, and $32.03 costs,
against the Clyde Milling Company, of Cloud county, for
rent of a certain strip of land, upon a written lease, executed
the 1st of August, 1884. The rent sued for was for the
months of May and June, 1885, at $75 per month. On the
17th day of May, 1889, the execution was issued by the
justice of the peace upon the judgment against the milling
company, and returned unsatisfied for want of property on
which to levy. On the 3d day of June, 1889, *F. E. Barons*

filed his motion before Samuel Demers, a justice of the peace of the city of Concordia, in Cloud county, to obtain an execution against *M. V. B. Van Demark* and *C. W. Van Demark*, alleging that such persons were, on and after the 1st day of August, 1884, stockholders of the Clyde Milling Company to the amount of $5,000 each in paid-up stock. All of this was sold and transferred in good faith to H. B. Salls, F. W. Frazius, and H. Dobbs, before the 1st of May, 1885. The corporation continued to do business after that time until March 17, 1887, when the property was destroyed by fire. When the Van Demarks sold and transferred their stock, their certificates were surrendered and canceled, and new certificates of stock were issued to the purchasers, and proper entries made thereof upon the stock books of the milling company. At the time the action was commenced by F. E. Barons *v.* The Clyde Milling Company, the Van Demarks were not stockholders in the corporation; neither were they stockholders at the time the judgment was rendered, nor at the time the application was made before the justice of the peace for execution to issue against them as stockholders. On the 7th day of June, 1889, the justice sustained the application of F. E. Barons, and directed an execution to issue. The Van Demarks excepted to the order, and prosecuted proceedings in error to the district court of Cloud county. On the 30th of April, 1890, the district court of the county affirmed the order and judgment of the justice of the peace. The Van Demarks excepted, and bring the case here.

*C. W. Van Demark*, and *Theo. Laing*, for plaintiffs in error.

*J. W. Sheafor*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The general rule is, that shares of stock of a corporation, and may be transferred like any other property, unless the transfer is restrained by the charter or articles of association, and that a *bona fide* transfer terminates the liability of the transferrer either to the company or to

creditors. (Thomp. Liab. Stockh., § 210, and cases cited; Mor. Priv. Corp., § 888.) The decisions of the courts upon this question have been exceedingly conflicting, but the rule announced is in accord with the previous intimations of this court. (*Valley Bank v. Sewing Society*, 28 Kas. 423.) In *Plumb v. Bank of Enterprise*, 48 Kas. 484, it was observed:

"The registration of stock required by statute is in part for the benefit of the public, and to provide creditors with a record of those who are individually liable in case the corporation becomes unable to meet its obligations. . . . The general rule is, that the books of the corporation furnish evidence as to what persons are entitled to the rights and privileges of stockholders, and to whom creditors may look for payment in the event of the insolvency of the corporation." (See, also, *Bank v. Wulfekuhler*, 19 Kas. 65; *Hentig v. James*, 22 id. 326.)

This rule also seems to be in accord with the express legislative will. Paragraph 1193, Gen. Stat. of 1889, reads:

"The clerk or other officer having charge of the books of any corporation, on demand of the plaintiff in any execution against the corporation, his agent, or attorney, shall furnish such plaintiff, his agent or attorney with the names and places of residence of the stocknolders [so far as known], and the amount of stock held by each, as shown by the books of the corporation."

The constitution of our state ordains that

"Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law; but such individual liabilities shall not apply to railroad corporations, nor corporations for religious or charitable purposes."

The provision of the statute permitting an execution to be issued provides that the stockholder is liable to "an extent equal in amount to the amount of stock by him or her owned" etc. (Gen. Stat. of 1889, ¶ 1192.) The true meaning of the constitution and statute is manifest. Each stockholder is liable for the dues of the corporation to an additional amount equal to the stock owned by him or her, that is, owned at the

time the liability attaches. Missouri has a statute almost identical with ours, permitting an execution to issue against a stockholder. (Wagner, Stat. 291, § 13) The Missouri statute and the portion of our statute requiring construction at our hands seem to have been taken almost literally from the English statute of the 8th and 9th Victoria, ch. 16, § 36. The English statute is construed by the courts of that country to permit executions to be issued against the persons only who are stockholders at the time the execution against the property or effects of the corporation is found to be ineffectual. (*Nixon v. Green*, 11 Exch. 549, 3 Hurl. & N. 686.) The Missouri courts, following the construction given by the English courts, also hold, that under the statute the liability of the stockholder is measured by the number of shares held by him at the time of the return of the execution *nulla bona*. (*Skrainka v. Allen*, 76 Mo. 384.) In this case, no action in equity was brought to marshal the liabilities of all the stockholders, but a motion was made only for the issuance of an execution. "While we maintain the right of a shareholder to dispose of his shares absolutely," said Dillon, J., in a well-considered case, "by an out and out sale and registered transfer, and thus escape liability, provided the sale is made *bona fide*, and the purchaser is in law capable of assuming the liabilities of the transferrer, yet this does not involve the right to transfer shares for a fraudulent purpose, or under circumstances which the transferrer knows will make the transfer, if it is sustained, work a fraud upon other stockholders or upon creditors." (*Johnson v. Laffin*, 6 Cent. L. J. 131.)

We are referred, upon the part of the plaintiff below, among others, to the following cases from Ohio: *Brown v. Hitchcock*, 36 Ohio St. 667; and *Wheeler v. Faurot*, 37 id. 26.

It is urged that the constitution and statutes of Ohio are substantially the same as those of this state. There is a slight difference only in the constitutions of the two states, but a wide difference in the statutes. In construing the statute of Ohio, the language of "all stockholders . . . shall be deemed and held liable for an amount equal to their stock

subscribed in addition to such stock, for the purpose of securing the creditors of such company, and that the trustees and directors . . . shall be deemed and held individually liable for all debts contracted by them," was held as a legislative indication that the statute included those who were stockholders at the time the indebtedness was incurred, and also all of those who successively stand in their shoes in respect to the same stock. Therefore the Ohio decisions hold that the assignees, as well as the assignors of stock, are necessary parties in actions to enforce the liability of stockholders, the purchasers of stock being held in that state as indemnators to the assignors against their liability to creditors. (*Wheeler v. Faurot*, supra.) The effect of these decisions is to attach the liability to the stock, and not to the stockholder merely. But in *Brown v. Hitchcock*, supra, deciding that the personal liability of a stockholder is not discharged by the subsequent assignment or transfer of his stock, two of the ablest judges dissented. The decisions referred to were made by the supreme court of Ohio after the adoption of our constitution and statute, and, therefore, we are not required to follow the judicial construction of that state.

The judgment of the district court will be reversed, and the cause remanded.

JOHNSTON, J., concurring.

ALLEN, J., concurring specially: I concur in the decision of this case because it is a proceeding to obtain by motion an execution against the stockholders, under ¶ 1192 of the General Statutes. Such a proceeding is summary in its character, and not adapted to the trial of controverted questions of fact, or the adjustment of equities growing out of transfers of stock. As to the effect of a transfer by one who is a stockholder at the time a debt is contracted to a person not financially responsible, even though made in good faith, where a regular action is brought to charge him with liability, I express no opinion.