Dawson v. Sholley.

---

FLORENCE DAWSON v. D. F. SHOLLEY.

No. 105.

1. CORPORATION—*Liability of Stockholders.* Under paragraph 1204, General Statutes of 1889, the stockholders of any corporation (except railway or charitable or religious corporations) which is dissolved leaving debts unpaid are primarily liable for such debts in the amount provided by statute.

2. ———— *When Deemed to Be Dissolved.* A corporation is deemed to be dissolved for the purpose of enabling any creditor thereof to prosecute a suit against the stockholders to enforce their indi-

vidual liability, when it is shown that such corporation has suspended business for more than one year prior to the commencement of the action.

MEMORANDUM.— Error from Harper district court; J. W. McKAY, judge. Action by Florence Dawson against D. F Sholley to enforce an alleged stockholder's liability   Judgment for defendant. Plaintiff brings the case to this court. Reversed. The opinion herein, filed July 15, 1896, states the material facts.

*J V. Daugherty*, and *Raney & Wilcox*, for plaintiff in error.

*Huston & McColloch*, for defendant in error.

The opinion of the court was delivered by

COLE, J. : It is conceded by the parties to this action that there is but one question before this court for its determination, and that is whether the trial court erred in sustaining the objection made by the defendant below to the introduction of any testimony upon the part of the plaintiff for the reason that the petition did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant.   The petition set up four separate causes of action, the allegations with regard to each being identical, and in substance as follows : That the Farmers Loan and Trust Company of Kansas was a corporation, and as such engaged in the business of loaning money at Anthony, Kan. ; that on the 1st day of September, 1887, the said corporation by its proper officers duly executed and delivered a certain written obligation called a debenture bond, by the terms of which, five years after date, it promised to pay to the bearer thereof a certain sum of money therein speci-

fied, with interest payable semiannually according to the conditions of certain coupons attached to the bond ; that said bond further provided that, to secure the payment of the same, the corporation had deposited with its trustees certain evidences of indebtedness amounting to one and one-half times the sum of its outstanding debentures, which evidences of indebtedness were second mortgages on real estate ; that in case default was made in the payment of any interest coupon for 30 days, the principal and interest should become due and payable ; that said bond should become valid and negotiable and pass by delivery when the certificate on the same had been signed by all or any two of the trustees ; that the trustees appointed by said corporation had executed their certificate on each of the bonds sued upon in this action, by the terms of which they stated in substance that the corporation had deposited with them, as trustees, the collaterals heretofore mentioned, for the purpose of securing payment of such bonds ; that the capital stock of said corporation was $500,000, in shares of $100 each, and that 30 of said shares were duly issued to the defendant, upon which he had paid 50 cents on the dollar and no more, and that he was still the owner of the said 30 shares of the capital stock, and was a resident of Harper county, Kansas ; that the said corporation had suspended business for more than two years last preceding the filing of the petition, and had wholly failed to resume its business, was wholly insolvent, and had no property, goods, chattels, moneys or credits with which to pay its liabilities or any part thereof, or out of which its creditors can make any part of their claim ; that said corporation has no officers, directors, managing agents or clerks in this state upon whom service of

summons can be had; that each of said bonds is due and unpaid; that plaintiff was the lawful owner and holder of each of the bonds sued upon, and the petition closes with a prayer for judgment against the defendant, as stockholder, for the amount due upon such bonds.

The record does not disclose the particular reason given by the court for sustaining the objection to the introduction of evidence under this petition, and counsel for plaintiff and defendant each urge a different reason why the ruling was made. Of course, if *any* lawful reason existed it was sufficient, but we assume that if the two reasons urged by the counsel in the case are passed upon, there being no further objection, we will have sufficiently answered the question.

This action was brought under paragraph 1204, General Statutes of 1889, which, so far as its application to the question here at issue is concerned, reads as follows:

"If any corporation, created under this or any general statute of this state, except railway or charitable or religious corporations, be dissolved, leaving debts unpaid, suits may be brought against any person or persons who were stockholders at the time of such dissolution, without joining the corporation in such suit."

Paragraph 1200, General Statutes of 1889, reads as follows:

"A corporation is dissolved — first, by the expiration of the time limited in its charter; second, by a judgment of dissolution rendered by a court of competent jurisdiction; but any such corporation shall be deemed to be dissolved for the purpose of enabling any creditors of such corporation to prosecute suits against the stockholders thereof to enforce their individual liability, if it be shown that such corporation has suspended business for more than one year, or that any corporation now so suspended from business shall for three months

after the passage of this act fail to resume its usual and ordinary business."

It is contended by the plaintiff in error that the reason given by the court for sustaining the objection to the introduction of evidence was that the petition did not show that the plaintiff had obtained a judgment against the corporation in question, and had not had an execution issued and returned unsatisfied. On the other hand, it is contended by the defendant in error that the reason the objection was sustained was because the petition showed that there were certain securities in the hands of the trustees out of which the indebtedness might be satisfied, and that no original action could be maintained against a party sought to be charged as a stockholder before the creditor has made a demand for payment of his debt on the trustees holding the securities, and before he has exhausted such securities or the fund accruing from the sale thereof. We do not think either or both of these reasons was sufficient for sustaining the objection to the introduction of evidence. In our opinion, paragraph 1204 creates a primary liability against the stockholders of any corporation, other than those excepted in the paragraph, created under any general statute of this state and afterward dissolved leaving debts unpaid. And, construing paragraph 1200 in connection with paragraph 1204, we find that such corporation shall be deemed to be dissolved for the purpose of enabling a creditor to prosecute an action against a stockholder to enforce his individual liability if such corporation has suspended business for more than one year next preceding the commencement of the action. It may be conceded that outside of a statutory provision this is not a general rule, but our legislature has seen fit to create this statutory

liability, and stockholders in the corporations governed thereby must be presumed to purchase their stock with a full knowledge of the obligations resting upon them.

Again, even if it were conceded that where there was any property belonging to the corporation it must be first exhausted, still the allegations of the petition are sufficient as against an objection to the introduction of evidence. It is true the petition alleged that certain securities were placed in the hands of trustees, but the petition also alleged that at the time of the commencement of the action the corporation was insolvent and had no property of any kind or character, and an allegation to this effect is sufficient as against the objection raised.

The judgment is reversed, and the cause remanded, with instructions to the district court to overrule the objection to the introduction of evidence under said petition.

All the Judges concurring.