### ALBERT H. MERRILL v. H. E. MEADE & Co.
#### No. 174.

1. CORPORATION—*stockholder in, not liable until claim against, is reduced to judgment and execution returned nulla bona.* No liability for the debts of a corporation can be enforced against a stockholder until a judgment upon the debts has been rendered against the corporation and an execution issued thereon and returned *nulla bona,* or until the corporation has been dissolved or has suspended business for more than one year.

2. ———— *transfer of stock in good faith by shareholder to solvent person relieves from statutory liability.* Where a stockholder makes a regular transfer of his stock in good faith to a solvent person, prior to the time the claims of creditors attach to the stockholders, such transfer is valid and relieves the original stockholder from liability, although the transferee may have become insolvent before the commencement of an action to charge said original stockholder.

Error from Sedgwick Court of Common Pleas. Hon. Jacob M. Balderston, Judge. Opinion filed July 21, 1897. *Reversed.*

*Stanley & Vermilion*, for plaintiff in error.

*Wall & Brooks*, for defendants in error.

DENNISON, P. J.   This action was brought in the Court of Common Pleas of Sedgwick County, Kansas, by H. E. Meade & Co., as plaintiffs, against Albert H. Merrill, as defendant, to recover upon a judgment against the Wichita Paper Company.   Merrill is sued as an alleged stockholder — as the owner of twenty shares of stock, of the par value of one hundred dollars per share.

On October 14, 1887, Merrill transferred nineteen shares of his stock to his son, W. A. Merrill, who was then the treasurer of the company, and on March 13, 1888, gave the Wichita Paper Company credit upon a note he held against them of two hundred dollars for liability on stock in the company.

On November 14, 1888, judgment was rendered in favor of Meade & Co. against the Wichita Paper Company, and on July 15, 1890, an execution was issued thereon, which was, on July 16, 1890, returned *nulla bona.*   Judgment was rendered against Merrill in this action, and he brings the case here for review.

The court, in the introduction of evidence and in the instructions, proceeded upon the theory that at the time an indebtedness is contracted by a corporation all who are then stockholders are liable to the creditor if the corporation should afterward become insolvent, and that to avoid such liability by a transfer of the stock the transfer must be made in good faith to a person who was then solvent and who is solvent also

at the time of the commencement of the action against the stockholders.

In the case of *Van Demark v. Barons* (52 Kan. 779), Chief Justice Horton, in delivering the opinion of the majority of the court, in the first section of the syllabus, says:

"The general rule is, that shares of stock of a corporation are personal property, and may be transferred like any other property, unless the transfer is restrained by the charter or articles of association, and that a *bona fide* transfer terminates the liability of the transferer either to the company or to creditors."

The second section of the syllabus is as follows:

"The liability of a stockholder of a corporation against whom an execution may be issued under the provisions of ¶ 1192, General Statutes of 1889, is measured by the number of shares held by him at the time the execution against the property or effects of the corporation is found to be ineffectual."

It is argued by the defendant in error that the case at bar is a direct action, brought under paragraphs 1200 and 1204 of the General Statutes of 1889, and that the whole question as to the liability of the claimed stockholder, the *bona fides* of the transfer, the solvency of the transferee, and fraud in the attempted transfer may be investigated, and the governing rules of law applied; and for that reason, a rule announced by the Supreme Court arising upon a motion for an execution may not be applicable.

In analyzing this distinction, it must be borne in mind that at common law a stockholder is not liable for the dues or debts of the corporation. We must look to the Constitution and statutes of our State to ascertain under what circumstances and when a stockholder becomes liable to creditors of the corporation. Referring to our Constitution, we find that "dues

MERRILL v. MEADE. 623

July 21, 1897.     Opinion. Dennison, P. J.     C. Div.

from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as may be provided by law."

When does this liability attach to the stockholder so as to permit a creditor to proceed against him? Paragraph 1192 of the General Statutes of 1889 provides that, when an execution shall have been issued against the property of a corporation and returned *nulla bona*, an execution may be ordered by the court against the stockholder, upon a motion to be filed in open court after a reasonable notice to the person sought to be charged. Paragraph 1204 provides that if any corporation be dissolved, leaving debts unpaid, suit may be brought against any person who was a stockholder at the time of such dissolution. Paragraph 1200 provides that "a corporation is dissolved —*first*, by the expiration of the time limited in its charter; *second*, by a judgment of dissolution rendered by a court of competent jurisdiction; but any such corporation shall be deemed to be dissolved for the purpose of enabling any creditors of such corporation to prosecute suits against the stockholders thereof, to enforce their individual liability, if it be shown that such corporation has suspended business for more than one year," etc.

In construing these constitutional and statutory provisions in *Van Demark v. Barons*, supra, it is said : "The true meaning of the constitution and statute is manifest. Each stockholder is liable for the dues of the corporation to an additional amount equal to the stock owned by him or her, that is, owned at the time the liability attaches." It is clear that no liability for the debts of a corporation can be enforced against a stockholder, until a judgment upon the debt has been

624      MERRILL v. MEADE.

S. Dept.      Opinion.   Dennison, P. J.     6 Kan. App.

rendered against the corporation, and an execution issued thereon and returned *nulla bona*, or until the corporation has been dissolved or has suspended business for more than one year.

The question to be determined in the case at bar is whether the plaintiff in error was a stockholder of the Wichita Paper Company after it had suspended business for more than one year. It is not denied that he was at one time a stockholder. If the transfer of the stock to his son, W. A. Merrill, was valid as to creditors, he was not a stockholder at that time and is not liable in this action; if the transfer was void as to creditors, he remained a stockholder and is liable in this action.

To be valid, the transfer must have been made in good faith. It has not yet been decided in Kansas whether the transferee must be solvent at the time of the transfer, neither is it necessary for us to decide this point. We do decide, however, that if, prior to the time the liability attached, the transfer is regularly made in good faith to a solvent person, who becomes insolvent before the commencement of an action against the original stockholders, such transfer is valid and relieves the original stockholder from liability.

The court instructed the jury, in instructions 1, 2, 3, and 4, as follows:

" 1. If you believe from the evidence, by the greater weight of it, that at the time the original indebtedness was contracted on which the judgment of H. E. Meade & Co. *v.* The Wichita Paper Company *et al.* is based, that the defendant, A. H. Merrill, was the owner of twenty shares of the stock in that corporation, of the face value of one hundred dollars each, and that the Wichita Paper Company was insolvent at the commencement of this action, then you should find in favor of the plaintiff for the sum of $1212.47.

" 2. As a defense, it is claimed by the defendant

MERRILL v. MEADE. 625

July 21, 1897.     Opinion.   Dennison, P. J.     C. Div.

that he transferred nineteen shares of said stock of the Wichita Paper Company on October 14, 1887. You are instructed that if you should find that said transfer was made in good faith to a person who was then solvent and who was solvent at the commencement of this action, then you cannot find the defendant liable upon said nineteen shares.

" 3. You are instructed, however, that if you should find that the person to whom the transfers were alleged to have been made was then insolvent, and that the indebtedness sued on was incurred prior to such transfer, then I instruct you that such transfer of the nineteen shares will not avoid liability thereon, and the defendant cannot rely thereon as a defense to the action.

" 4. If you should find that such transfer was made for the purpose of avoiding liability upon said shares, or if you find that at the time of such transfer to W. H. Merrill he was then insolvent, or that he became insolvent prior to the bringing of this action, then such transfer does not avoid defendant's liability as a holder of such shares."

By a comparison of the views expressed in these instructions with the views expressed in this opinion, the erroneous theory of the trial court will be manifest.

The judgment of the Court of Common Pleas is reversed, and it is ordered that the case be sent to the District Court of Sedgwick County, Kansas, with instruction to grant the plaintiff in error a new trial.