## W. E. STERNE v. JOHN ATHERTON.

### No. 314. ·

1. STOCKHOLDERS' LIABILITY — *Constitution* — *Statutes.* The legislature has made provision through paragraphs 1192, 1200, 1204, 1205, and 1206, General Statutes of 1889 (§§ 50, 45, 49, 53, 51, ch. 66, Gen. Stat. 1897), for the enforcement of the liability provided for in section 2, article 12, of the constitution of the state.

2. ——— *Pleading* — *Dissolution of Corporation.* An allegation in a petition, filed November 22, 1892, "That on the 18th day of September, 1891, the said bank suspended all *its* business and since such time has performed no business whatsoever," is a sufficient averment of the dissolution of the corporation, under paragraph 1200, General Statutes of 1889, to authorize a suit by a creditor of said bank against a stockholder thereof.

3. ——— *Primary, after Dissolution* — *Action.* Under paragraph 1204 above referred to, a stockholder of a banking corporation which has been dissolved, having debts unpaid, is primarily liable, in an action brought under said section against him, in the amount provided by statute.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed January 6, 1898. Affirmed.

*W. P. Douthitt,* and *W. ·E. Sterne,* for plaintiff in error.

*Stebbins & Evans,* for defendant in error.

The opinion of the court was delivered by

WELLS, J. : John Atherton, a creditor of the United States Savings Bank, of Topeka, a Kansas corporation, brought an action in the district court of Shawnee county, on November 22, 1892, to charge W. E. Sterne, as a stockholder of said corporation, with its indebtedness to him. The petition was demurred to on the ground that it did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant. This demurrer was overruled by the court. The defendant then answered,

Sterne v. Atherton.

admitting substantially the allegations of the petition except that the defendant was a stockholder in said bank and that the bank was insolvent and had suspended business, which allegations were denied; and averring that there were assets in the hands of the receiver of the bank sufficient to pay its debts, and that plaintiff had not reduced his claim to judgment and caused execution to be issued thereon and returned unsatisfied. On April 17, 1893, upon leave of court, the plaintiff filed a supplemental petition, setting up a judgment on his claim against the bank, dated March 21, 1893, and averring that execution had been issued thereon and returned unsatisfied. The defendant moved to strike the supplemental petition from the files, which motion was overruled. Upon these pleadings the case came on for trial to the court without a jury. The defendant objected to the introduction of any evidence under the petition, for the reason that the facts therein stated were not sufficient to constitute a cause of action. This objection was overruled. At the close of the plaintiff's evidence the defendant demurred thereto. The demurrer was overruled, and, at the close of the defendant's evidence, the court found for the plaintiff and rendered judgment accordingly.

The plaintiff in error makes fifteen assignments of error, three of which are not prejudicial. We shall consider the other errors alleged, as nearly as practicable in the order in which they are discussed in plaintiff in error's brief.

The first contention of the plaintiff in error is that section 2, article 12, of the constitution of the state, is directory only, and not self-enforcing; that no liability of stockholders under said section exists until the legislature defines its nature and extent and provides penalties and remedies for its enforcement; that

it has not done so, and that there is no such liability. Section 2, article 12, of the constitution, reads as follows :

"Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law; but such individual liability shall not apply to railroad corporations, nor corporations for religious or charitable purposes."

Paragraph 1192, General Statutes of 1889 (Gen. Stat. 1897, ch. 66, § 50), provides that where an execution has been issued against a corporation and no property found, execution may, upon proper notice, be issued against a stockholder, by order of the court, to the extent of the amount of his stock together with any amount unpaid thereon. Paragraph 1200, General Statutes of 1889 (Gen. Stat. 1897, ch. 66, § 45), provides how a corporation may be dissolved, and adds : "But any such corporation shall be deemed to be dissolved, for the purpose of enabling any creditors of such corporation to prosecute suits against the stockholders thereof to enforce their individual liability, if it be shown that such corporation has suspended business for more than one year," etc.

Paragraph 1204, General Statutes of 1889 (Gen. Stat. 1897, ch. 66, § 49), provides another remedy for the debtor in addition to that provided by paragraph 1192, in case a corporation is dissolved leaving debts unpaid. That is by suit against the individual stockholders, without joining the corporation. Paragraph 1205 (Gen. Stat. 1897, ch. 66, § 53) provides for contribution among stockholders, and paragraph 1206 (Gen. Stat. 1897, ch. 66, § 51) limits the liability to the amount provided in the constitution. From the foregoing it appears that the legislature has provided for the enforcement of the constitutional liability.

Sterne v. Atherton.

It is also contended that there is no allegation in the petition that the bank had been dissolved, and that the averments therein made are not equivalent to such allegation. In support of this claim we are referred to *Bank v. Sewing Society*, 28 Kan. 423 ; but counsel do not call our attention to the fact that this decision was rendered in 1882, and that at the next session of the legislature the section was amended by adding the words :

"But any such corporation shall be deemed to be dissolved, for the purpose of enabling any creditors of such corporation to prosecute suits against the stockholders thereof to enforce their individual liability, if it be shown that such corporation has suspended business for more than one year," etc. (Laws 1883, ch. 46.)

Plaintiff in error contends that a stockholder's liability is in the nature of a guaranty, and that the creditor must first exhaust his remedy against the corporation. This is true where the proceedings are under paragraph 1192, but not where they are under paragraph 1204, as in this case. (*Dawson v. Sholley*, 4 Kan. App. 367, 45 Pac. Rep. 949.)

In relation to the supplemental petition filed by plaintiff, the matters therein set up were immaterial in this case except as proof of the bank's indebtedness to plaintiff, but we cannot see that the defendant was prejudiced thereby.

The only remaining matter requiring notice is the plaintiff in error's claim that he was not a stockholder of said corporation. This was one of the main questions in the case, and was found by the trial court against the plaintiff in error, and we think there was an abundance of evidence to sustain the finding of the court. We fail to find any reversible error in this case.

The judgment of the court below will be affirmed.