## The Parkinson Sugar Company v. The Topeka Sugar Company and T. E. Bowman.

### No. 373.

1. Practice, Courts of Appeals—*Conclusive Finding.* A general finding by the trial court in favor of one party to an action is a finding of everything necessary to sustain the general finding, and is conclusive in this court on all doubtful or disputed questions of fact.

2. Stockholder's Liability — *Statute Construed.* Paragraph 1192, General Statutes of 1889 (Gen. Stat. 1897, ch. 66, § 50), only authorizes the issue of execution against persons who were stockholders of the corporation at the time the execution was returned *nulla bona.*

Error from Shawnee district court; Z. T. Hazen, judge. Opinion filed September 17, 1898. Affirmed.

*F. C. Slater,* and *E. G. Wilson,* for plaintiff in error.

*A. Bergen,* and *A. W. Dana,* for defendants in error.

The opinion of the court was delivered by

Wells, J.: On March 15, 1893, the plaintiff in error obtained a judgment in the district court of Shawnee county against the defendant in error The Topeka Sugar Company for $630.75 and costs. On the same day an execution was issued on said judgment, and on March 27, 1893, the execution was returned wholly unsatisfied, the sheriff "being unable after diligent search to find any goods, chattels or personal property of any kind." This return was by leave of court amended on July 17, 1894, so as to show that after diligent search no property of any kind on which to levy could be found in the county. On March 28, 1893, a motion was filed by the plaintiff in said action asking an order for an execution to issue against T. E. Bowman, an alleged stockholder

in said company.    This motion was contested by
Bowman, and, after a hearing, was on April 15, 1895,
denied by the court, and to reverse this ruling the
case is brought here on a petition in error and case-
made.

There are three specifications of error in plaintiff
in error's brief : (1) The court below erred in over-
ruling the motion of plaintiff in error for execution ;
(2) the court below erred in admitting improper evi-
dence on the part of T. E. Bowman ; (3) the ruling
of the court below is contrary to law, and is not
supported by the evidence.    The second specification
of error seems to have been abandoned, as no evi-
dence claimed to have been improper is quoted or in
any way referred to.    The first and third specifica-
tions of error are substantially the same, and amount
in substance to an allegation that the court below,
under the law and the evidence, should have sustained
said motion.

In a recent decision, this court used the following
language applicable to the case at bar :

"Under the well-settled and oft-repeated rule of the
supreme court, that where a case is tried before a dis-
trict court without a jury, and a general finding of
fact made upon oral testimony, such finding is a find-
ing of every special thing necessary to sustain the
general finding, and is conclusive in this court upon
all doubtful or disputed questions of fact, it necessa-
rily follows that if there was any legal competent
evidence offered upon the trial of this case that would
have justified any finding of fact that would have
necessarily defeated the plaintiff's action, such fact
will be supposed to have been found, to sustain the
judgment of the court below."

The plaintiff in error says that the motion was de-
nied by the court on the sole ground that there had

been no execution returned as required by law. This is denied by the defendant in error, and we are not cited to any part of the record that sustains the assertion and have been unable to find any.

One of the main questions of fact at issue is, Was T. E. Bowman a stockholder in the defendant corporation? It is admitted that he had been such stockholder, but the books of the company show that on November 22, 1890, his stock was transferred to Edward King, while the note on which the judgment was rendered was dated May 7, 1892. It is claimed by the plaintiff in error that this transfer was fraudulent and void and that the note on which judgment was rendered was for a debt created prior to said transfer. In *Van Demark v. Barons*, 52 Kan. 779, 35 Pac. 798, it was held :

"The liability of a stockholder of a corporation against whom an execution may be issued under the provisions of paragraph 1192, General Statutes of 1889, is measured by the number of shares held by him at the time the execution against the property or effects of the corporation is found to be ineffectual."

It is argued by the plaintiff in error that the transfer of the certificate of stock did not transfer the stock itself. This we think is a mistake. The certificate and the record thereof represent the stock and a transfer thereof according to law, and the rules of the corporation provide the only way in which the stock can be transferred, and the question as to whether the transfer is fraudulent or not cannot be tried in the summary proceeding provided for by paragraph 1192, General Statutes of 1889 (Gen Stat. 1897, ch. 66, § 50).

The judgment of the court below must be affirmed.