## S. R. HOWELL V. A. MANGLESDORF & CO.

1. INSOLVENT CORPORATION—*Liability of Stockholder—Notice.* The notice required to be given in a summary proceeding to enforce the individual liability of the stockholders in an insolvent corporation provided for in § 32, ch. 23, Comp. Laws 1879, partakes of the nature of an original process, and must be served substantially in the same manner as a summons in a personal action. The service of such notice beyond the jurisdiction of the court, and outside of the state, will not confer jurisdiction · upon the court, or authorize it to award an execution against the property of the stockholders that may be found within the state.

2. ——————— The state has full power over all persons and things within its jurisdiction, but cannot extend its process beyond its boundaries.

*Error from Atchison District Court.*

PROCEEDING to enforce the individual liability of *S. R. Howell,* as a stockholder in the Atchison Industrial Exposition and Agricultural Fair Association. At the February Term, 1884, the court ordered that execution in favor of *A. Manglesdorf & Co.* issue against *S. R. Howell* as a stockholder of said corporation, for the sum of $100 and the costs of this proceeding. *Howell* brings the case to this court. The opinion states the material facts.

*Smith & Solomon,* for plaintiff in error.

*Jackson & Royse,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This proceeding was instituted in the district court of Atchison county, to enforce the individual liability of S. R. Howell, the plaintiff in error, as a stockholder in the Atchison Industrial Exposition and Agricultural Fair Association, a corporation organized under the laws of the state of Kansas, with its principal place of business at the city of Atchison. S. R. Howell subscribed to the capital stock of the corporation, and owned twenty shares thereof, amounting to one hundred dollars. The corporation became insolvent.

A. Manglesdorf & Co., the defendants in error, recovered a judgment against the corporation, upon which an execution was issued and a return thereof made, that no property or effects of the corporation could be found upon which to levy the execution. The defendants in error began this proceeding by a motion filed in the district court, and obtained service of the notice of the motion upon S. R. Howell, at Chicago, Illinois. He appeared specially, and moved the court to set aside the service of the notice and motion, for the reason that the same was not served within the jurisdiction of the court, but was served upon him in the state of Illinois, of which state he was and is a resident. This motion was overruled by the court, and an order made awarding an execution against S. R. Howell as a stockholder in the corporation to the amount of the stock owned by him in the corporation. This action of the court is complained of by plaintiff in error.

The question to be decided arises under a statute which reads as follows:

"SEC. 32. If any execution shall have been issued against the property or effects of a corporation, except a railway or a religious or charitable corporation, and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders, to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon; but no execution shall issue against any stockholder, except upon an order of the court in which the action, suit or other proceeding shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged; and upon such motion, such court may order execution to issue accordingly; or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment." (Comp. Laws 1879, ch. 23, § 32.)

It will be observed that two remedies for enforcing the individual liability of stockholders are prescribed in the statute above quoted. In the one case, the judgment creditor of an insolvent corporation may proceed by a summary action on a motion in the court where the judgment was rendered against

the corporation; in the other, by an ordinary action to be instituted wherever personal jurisdiction of the stockholders can be acquired. Before the summary proceeding by motion can be maintained, notice to the stockholder must be given, in order that he may appear and make such defense as can be made and as is necessary to protect his interest. The statute does not define the form of the notice nor the time nor place of its service, but only prescribes that a "reasonable notice in writing" shall be given to the person sought to be charged. Whether the notice given in this case is sufficient, and what constitutes a reasonable notice under this statute, must depend very largely upon the nature of the proceeding based upon the notice. While the proceeding is summary in its character, and its maintenance contingent upon the insolvency of the corporation, or upon the rendition of a judgment against the corporation and the return of an execution thereon of *nulla bona*, yet we cannot regard it as an interlocutory or auxiliary proceeding in the action against the corporation. In the action against the corporation no notice of its pendency is given to the stockholder; he is not directly interested in the action, as his liability is only secondary to the corporation, and exists alone by reason of this statutory provision, and of that provision of the constitution in pursuance of which the statute is enacted. (Const., art. 12, § 2.) His liability to the creditors of the corporation is in the nature of a guaranty; the action or proceeding to enforce the same does not accrue until the execution upon the judgment against the principal is returned unsatisfied. We think that the proceeding against the stockholder, whatever remedy may be employed, is an independent one. It will readily be conceded if the proceeding is distinct and independent, and the issues between the parties are personal, and if the consequence of the proceeding is in the nature of a judgment *in personam*, that the notice or process of the court upon which the jurisdiction depends cannot be served beyond the jurisdiction of the state. Before either of the remedies pointed out by the statute can be employed by the creditors, the stockholder must be brought into court and have his day

there. He is not concluded by the judgment against the corporation; that judgment is at most only *prima facie* evidence of his liability. (*Grund v. Tucker*, 5 Kas. 70.) When he is brought into court in this proceeding, he may interpose several defenses. Among other things, he may show that he is not a stockholder; or if he had subscribed to the capital stock of the company, it had been forfeited or released, or it had been sold and transferred and the liability sought to be enforced against him had been assumed and succeeded to by another; or he may show that the judgment is void. He may also set up as a defense, that he is discharged by having already paid the amount of his individual liability to other creditors of the corporation.

We think he may contest his liability in this proceeding to the same extent, and may interpose the same defenses, that he could have availed himself of if the creditor had chosen the second remedy prescribed by the statute, and proceeded in an ordinary action to obtain a judgment. The issues which may be framed in the proceeding are personal ones, and while the determination of the court in this proceeding is denominated an order, it is as binding and conclusive upon the stockholder as any judgment could be. (Thompson on the Liability of Stockholders, § 337.) The execution awarded in this proceeding is general, and goes to the same extent as one issued upon a judgment *in personam.* Under this execution any property of the stockholder not exempt, found within the limits of the state, may be seized and sold. While the order of the court has not the same scope and operation as some other judgments, (*Hentig v. James*, 22 Kas. 326,) yet in respect to its enforcement by general execution it is substantially a personal judgment. It has been said:

"Where the object of the action is to obtain a judgment against the defendant upon which an execution may issue, to be levied generally of his goods and chattels, or of his property, personal, real, and mixed, it is necessary at common law that there should be a personal notice, citation, summons or subpena, or that the defendant should voluntarily appear to the

action. In cases of this character, such notice or appearance is indispensable to the jurisdiction of the court." (Wade on the Law of Notice, § 1137.)

The notice here required is to advise the defendant of the pendency of the proceeding, and bring him into court. It therefore serves the same purpose as original process, and is necessary to give the court jurisdiction of the defendant. It is immaterial whether the original process is called a summons, a subpena, or a notice. Whatever its name, it must be treated as a process of the court, and in cases of this character its proper service is essential to the jurisdiction of the court.

An examination of the statutory provisions relating to the service of original process will show that in all cases and proceedings where jurisdiction of the person of the defendant is necessary, service of such process can only be made within the boundaries of the state. It is true, that there are cases where service of process is authorized to be made upon persons beyond the limits of the state, (Civil Code, § 76,) but it will be seen that these are cases in the nature of actions *in rem,* where the jurisdiction depends upon the possession of the property seized, or the control of the thing which is the subject of controversy, and not upon the person of the defendant, and the judgment to be rendered in such cases can operate on nothing except the property or thing which gives the court jurisdiction, nor can a general execution be issued thereon.

Again, that provision of the code relating to the service of notice of motions, we think is applicable here. It reads as follows: "The service of a notice shall be made as is required by law for the service of a summons; and when served by an officer, he shall be entitled to like fees." (Civil Code, § 536.) These considerations determine us to hold that the notice in this proceeding must be served in the same manner as a summons in a personal action is served, and that such notice cannot go or be served beyond the jurisdiction of the state. Borrowing the language of Mr. Justice VALENTINE, "A state may have complete power and jurisdiction over all persons and things within its boundaries, but it cannot reach beyond

its boundaries and into other jurisdictions, and there affect the status of persons or things. Neither the laws of a state, nor the jurisdiction thereof, nor any of its judicial processes, can reach beyond its boundaries, or have any extra-territorial force or operation." (*Amsbaugh v. Exchange Bank of Maquoketa, ante*, p. 105; Rorer on Inter-State Law, 22; Freeman on Judgments, § 564; *Coleman's Appeal*, 75 Pa. St. 441; Wells on Jurisdiction of Courts, § 113.)

This ruling does not deprive a creditor of the insolvent corporation of a remedy against the stockholder residing in another state, and upon whom service cannot be obtained here. While the liability is statutory, it is one which arises upon the contract of subscription to the capital stock of the corporation, and an action to enforce the same is transitory, and may be brought in any court of general jurisdiction in the state where personal service can be made upon the stockholder. (*Flash v. Conn*, 111 U. S. 371; same case, 3 Am. & Eng. Corporation Cases, 28; *Dennick v. Rld. Co.*, 103 U. S. 11; *McDonough v. Phelps*, 15 How. Pr. 372; *Seymour v. Sturgess*, 26 N. Y. 134.)

We think the ruling of the court upon the motion was erroneous. Its order and judgment must be reversed.

All the Justices concurring.