# JANUARY TERM, 1897.

### PRESENT:

Hon. FRANK DOSTER,* Chief Justice.
Hon. WILLIAM A. JOHNSTON, ⎱ Associate Justices.
Hon. STEPHEN H. ALLEN, ⎰

The United States National Bank of Atchison, Kansas, v. Charles G. Magnuson *et al.*

No. 8914.

Stockholder's Liability—*notice cannot include several judgments though owned by same creditor.* In a summary proceeding to enforce the individual liability of stockholders under ¶ 1192 of Gen. Stat. of 1889, a creditor who held several separate judgments against the insolvent corporation undertook to include all of them in one notice, copies of which were served upon all of the stockholders. *Held,* that the notice was insufficient.

*Error from Marshall District Court.*
*Hon. R. B. Spilman, Judge.*

AFFIRMED.                    OPINION FILED JANUARY 8, 1897.

*W. W. & W. F. Guthrie* and *Samuel K. Woodworth,* for plaintiff in error.

*W. J. Gregg* and *John A. Broughten,* for defendants in error.

JOHNSTON, J.   This was a proceeding to enforce the individual liability of the stockholders of an insolvent corporation.   The State Bank of Irving had failed and the United States National Bank of Atchison had obtained six several judgments against it in the District Court of Marshall County.   Executions had been

* Succeeded Hon. DAVID MARTIN, January 11, 1897.

issued thereon and returned unsatisfied, when the United States National Bank instituted this proceeding by filing motions seeking to charge the defendants, 15 in number, as stockholders, and to obtain an order for execution against them to satisfy the unpaid judgments of the insolvent bank. It was attempted to group all the judgments in a single proceeding; and only a single notice was issued, in which all the stockholders were named, and a copy of which was served upon each of them. Subsequently the defendants filed motions to quash and set aside the service of the notice upon the grounds that it was insufficient, and was not properly served, that it was irregular in that it included a multiplicity of actions or proceedings, and that the parties were improperly joined therein. The motions were sustained; and no application having been made to correct the defects, the proceeding was dismissed.

The notice was clearly insufficient. There were, as we have seen, six separate judgments rendered in six distinct and independent actions, and yet only one notice was issued. The notice could be filed with the papers in only one of the cases, and who could tell in which of the six different cases it belonged? Not only were all the judgments embraced in one proceeding, but all the stockholders were united in the motion and notice, as if their liability were joint, and as if all must of necessity make the same defense. It is well settled, however, that the liability is several and not joint. A stockholder is in no sense a party to the judgment against the corporation; and while the liability of all may arise by reason of their connection with the corporation, each may make a separate and independent defense in which the other stockholders may have no concern. In an action to charge stock-

holders it was held that their liability to the creditors being unequal, limited and several, rather than joint, each must be sued separately. *Abbey v. Dry Goods Co.*, 44 Kan. 415.   The summary method of proceeding by motion in the action in which the judgment was rendered was attempted here ; but the summary character of the proceeding does not affect the liability of stockholders, nor does it change nor limit the defenses which they may make.   Of necessity the same rule must apply whether the creditors proceed by original action or by motion.   Neither is it regular to issue a single notice for several separate proceedings.   It has been ruled that the proceeding by motion is independent in its nature ; that the notice thereof partakes of the nature of an original process, and that a proper service of the notice is therefore essential.   *Howell v. Manglesdorf*, 33 Kan. 194.   See, also, *Wilson v. St. L. & S. F. Rly. Co.*, 36 Am. & Eng. Cor. Cas. 290 ; *Wilson v. Seligman*, 144 U. S. 41.   It is substantially the same as original process ; and a single notice will not cover several distinct proceedings any more than a single summons would be sufficient for several original actions.

We think the Court ruled correctly in quashing the notice.   As there was no request for leave to amend the motions or to correct the mistakes, there was nothing remaining for the District Court to do but to dismiss the proceeding ; and its order and judgment will therefore be affirmed.

All the Justices concurring.