### DEXTER v. EDMANDS.

(Circuit Court, D. Massachusetts. September 24, 1898.)

### No. 631.

1. CORPORATIONS—SUITS AGAINST STOCKHOLDERS OF FOREIGN CORPORATION—KANSAS STATUTES.

The constitution of Kansas contains the general provision that stockholders shall be liable to creditors of a corporation for an additional amount equal to their stock. Gen. St. Kan. par. 1192, provides, among other things, that each stockholder shall be liable to each creditor whose execution has been returned nulla bona. *Held*, that the statute does not merely provide a remedy for the enforcement of rights created by the constitution, but creates substantive rights, which may be enforced in other jurisdictions in accordance with the forms of remedy there provided.

2. SAME—STATUTORY LIABILITY—ENFORCEMENT IN FEDERAL COURTS.

The rights given by such statute are neither repugnant to the public policy of the United States, or justice or good morals, nor calculated to injure the United States or its citizens, and hence may be enforced by a federal court of another district under the rule of comity, even if it be conceded that such court belongs to a different sovereignty. The determination of the courts of a state that a foreign statute is contrary to its public policy is not binding upon a federal court sitting therein.

3. SAME—CONCLUSIVENESS OF JUDGMENT AGAINST CORPORATION.

In a suit in a federal court of another jurisdiction to enforce the individual liability of a stockholder in a Kansas corporation, a judgment obtained against the corporation in Kansas is conclusive of its indebtedness to plaintiff, being made so by the statutes of that state which is the domicile of the corporation.

4. SAME—PLEADING.

An answer setting out that defendant sold and transferred his stock in the corporation before the cause of action in favor of plaintiff arose need not set out the particulars of such sale nor the name of the transferee.

5. SAME—LIMITATION—WHAT LAW GOVERNS.

Though the time when a right of action accrues against a stockholder of a Kansas corporation is fixed by the law of Kansas, yet the length of time which must elapse before an action is barred must be determined by the law of the jurisdiction where the action is brought.

This is an action by plaintiff, as a judgment creditor of the Western Farm Mortgage Trust Company, a Kansas corporation, to recover of defendant as a stockholder therein. Heard on demurrer to the answer.

Jaquith & Bigelow, for complainant.
Moses P. White, for defendant.

LOWELL, District Judge. To the plaintiff's declaration the defendant has filed an answer in eight paragraphs. The first of these contains a general denial. To the other seven paragraphs the plain-

tiff has demurred. In this state of the pleadings, the sufficiency of the declaration must first be determined.

The declaration sets out that the plaintiff is a resident of New York, a creditor of the Western Farm Mortgage Trust Company, a corporation organized under the laws of Kansas, against which corporation he recovered judgment in the circuit court of the United States for the district of Kansas; that the execution issued on the judgment was returned nulla bona; that the defendant was a stockholder in the corporation at the time of the return; and that the defendant is therefore liable to the plaintiff, under the provisions of paragraph 1192 of the General Statutes of Kansas.

That this declaration duly sets out a cause of action which would be enforced in the state courts of Kansas or in the federal courts for that state there is no doubt. Howell v. Manglesdorf, 33 Kan. 194, 5 Pac. 759; Van Demark v. Barons, 52 Kan. 779, 35 Pac. 798. I have to decide if the circuit court of the United States for the district of Massachusetts will take cognizance of and enforce against the defendant this cause of action which the circuit court for the district of Kansas would undoubtedly take cognizance of and enforce.

That the legislature of Kansas intended, by paragraph 1192, to give to the creditor of a Kansas corporation, under the circumstances described in the declaration, the right to proceed against a stockholder of the corporation in a forum other than that of Kansas, is clear. Howell v. Manglesdorf, 33 Kan. 194, 5 Pac. 759. The plaintiff has, then, a right against the defendant given him by the state of Kansas, which created the corporation and established and defined the obligations entered into by its stockholders. This right, thus established and defined, was intended by Kansas to be enforceable in any forum which had jurisdiction of a stockholder's person. The defendant has been found by the plaintiff within the jurisdiction of this court, and this court is asked to enforce the plaintiff's right by giving him the appropriate remedy. See Flash v. Conn, 109 U. S. 371, 3 Sup. Ct. 263; Auer v. Lombard, 19 C. C. A. 72, 72 Fed. 209.

To this demand the defendant makes several objections.

First. He contends that paragraph 1192 does not, properly speaking, give the plaintiff a right against the defendant, but provides merely a remedy for enforcing a provision of the constitution of Kansas. Inasmuch as remedies pertain to the lex fori, the defendant argues that the plaintiff is not entitled in this court to a remedy peculiar to Kansas, but that, if he sues here, he should seek, for the enforcement of the right given him by the constitution of Kansas, some remedy provided by the forum of Massachusetts. The remedy which the plaintiff should have sought has not been indicated, but the defendant may say that the plaintiff should discover it.

The distinction between remedy and substantive right is incapable of exact definition; indeed, the difference is somewhat a question of degree. Cooley, Const. Lim. 285; Pritchard v. Norton, 106 U. S. 124, 132, 1 Sup. Ct. 102. The constitution of Kansas has laid down a general principle, to wit, that stockholders shall be individually liable to the corporation's creditors for an additional amount equal to their stock. This right of the creditors of the corporation to col-

lect their debts from its stockholders, in order to obtain enforcement, needs not only a remedy, but needs also particularization before it can have a definite meaning. Paragraph 1192 does much more than provide a remedy for the right which is given by the constitution. Indeed, the paragraph is chiefly concerned with particularizing and more fully defining that right which in the constitution is stated in general terms. Paragraph 1192 provides that each stockholder shall be liable individually to each creditor who holds an execution against the corporation which has been returned nulla bona. Now, the difference between a right vested in all the creditors to proceed in one action against all the stockholders, and a right vested in each individual creditor to proceed against any individual stockholder, is much more than a difference between two remedies; it is a difference between two substantive rights. The latter right the plaintiff is trying to enforce in this suit, while the defendant is trying to make him put up with the former right. Whether the latter right shall be enforced by an action of debt, or of assumpsit, by a special action on the case, by an action authorized by some code. or even by a bill in equity, may be a question of remedy, to be determined by the lex fori. If, however, the statute of Kansas gives the individual plaintiff a substantive right to proceed against the individual defendant, and if this substantive right is in any way enforceable in this court, it must be admitted, I think, that the form of action in this case has been well chosen. The declaration, therefore, cannot be held bad on the ground that the defendant has mistaken his remedy. See Rhodes v. Bank, 13 C. C. A. 612, 66 Fed. 512; Mechanics' Sav. Bank v. Fidelity Insurance, Trust & Safe-Deposit Co., 87 Fed. 113.

Second. The defendant contends that the plaintiff cannot by any remedy enforce in this court this right given him by the laws of Kansas. The laws of one sovereignty have not the force of laws, properly speaking, outside the limits of that sovereignty, and the rights arising by virtue of those laws are not enforceable in a court foreign to that sovereignty, except through what is known as the comity of nations. Generally speaking, the court of one sovereignty does enforce, ex comitate, the rights which arise by virtue of the laws of another sovereignty; but to this general rule there are several exceptions, and under one or more of these exceptions the defendant has attempted to bring this case. The two sovereignties involved are the United States and the state of Kansas, and it is at least doubtful if a circuit court of the United States, even the circuit court of the United States for the district of Massachusetts, can be said to be the court of a sovereignty foreign to the state of Kansas; but I will here assume, for the sake of argument, that the laws of Kansas and the rights arising thereunder are to be treated by this court as if Kansas were technically a foreign sovereignty. It is a general rule of international law that the courts of one state do not enforce the rights arising by virtue of the penal laws of another state, and this principle is applied to the enforcement in a federal court of a penalty due by virtue of the laws of a state. The statute of Kansas here relied upon, however, is not penal. Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224. The other grounds upon which the court of one

sovereignty will refuse to enforce the rights given by the laws of another are well stated in Higgins v. Railroad Co., 155 Mass. 176, 180, 29 N. E. 534, quoted with approval in Huntington v. Attrill, 146 U. S. 675, 13 Sup. Ct. 231: "If the foreign law offends our public policy, or is repugnant to justice or to good morals, or is calculated to injure this state or its citizens, we are at liberty to decline jurisdiction."

Can this court say that paragraph 1192 of the Laws of Kansas offends the public policy of the United States, or is repugnant to justice or good morals, or is calculated to injure the United States or its citizens? I think not. Indeed, I find it difficult to imagine what would be the condition of this government if the federal courts should refuse, on any of the grounds just mentioned, to recognize and enforce the rights arising under a state statute which had been formally adopted, and was not contrary either to the constitution of the United States or to that of the state adopting it. Therefore, though I were to think this law of Kansas to be highly injurious and even immoral, my objection to it would give me no discretion to refuse to recognize it, or to enforce rights arising thereunder.

The state of Massachusetts is, for the purpose of this discussion, undoubtedly a sovereignty foreign to Kansas. The courts of Massachusetts can, if they see fit, determine that this statute of Kansas is contrary to the public policy of Massachusetts and injurious to its citizens. That the courts of Massachusetts can refuse to enforce obligations arising under this statute is undoubted, and the defendant argues that, if Massachusetts has determined that the enforcement of these obligations is not to be undertaken by the courts of Massachusetts, the circuit court of the United States for Massachusetts is thereby precluded from enforcing them. The cases of Bank v. Rindge, 154 Mass. 203, 27 N. E. 1015, and Coffing v. Dodge, 167 Mass. 231, 45 N. E. 928, are cited as settling that the enforcement of these obligations is against the public policy of Massachusetts.[1] But, even if the state courts refuse to enforce rights like the plaintiff's, the federal courts do not follow their decisions. Boyce v. Tabb, 18 Wall. 546; Whitman v. Bank, 28 C. C. A. 404, 83 Fed. 288. The intimations given in the opinions of the supreme court in Railway Co. v. Cox, 145 U. S. 593, 605, 12 Sup. Ct. 908, and in Stewart v. Railroad Co., 168 U. S. 445, 448, 18 Sup. Ct. 106, concerning the refusal of the federal courts to recognize rights given by a statute of one state, if the policy of the statute conflicts with the declared policy of the state in which the court is sitting, were concessions made in the course of argument, and their effect must be confined to the special class of statutory rights there under consideration,—those arising out of injuries to the person. The cases are mentioned only to show that they have not been overlooked. I am of opinion, therefore, that the declaration is good. Concerning many of the questions heretofore discussed, see McVickar v. Jones, 70 Fed. 754.

[1] NOTE. On September 23d, the supreme court of Massachusetts handed down a decision in Bank v. Ellis, 51 N. E. 207, holding that the courts of Massachusetts will enforce rights like that sued on in Dexter v. Edmands. Had the above-mentioned decision been known to the circuit court, this paragraph of the opinion might have been omitted.

Having thus disposed of the declaration, I am brought to the consideration of the answer, to every paragraph of which, except the first, the plaintiff has excepted. The second paragraph of the answer alleges that the plaintiff, who is a citizen of New York, has become guilty of champerty, under section 73 of the New York Code, by his purchase of the bonds in suit; wherefore the plaintiff's title to the bonds is invalid, and he ought not to be permitted to maintain this action. The third paragraph alleges champerty by section 74 of the New York Code, and the fourth paragraph alleges champerty at common law. The plaintiff contends that the judgment of the circuit court in Kansas, not having been obtained by collusion or fraud, conclusively establishes that the plaintiff is a creditor of the corporation, so that the validity of the plaintiff's claim against the corporation cannot be contested in this suit. That the statute of Kansas was intended to make the judgment conclusive is plain. Ball v. Reese (Kan. Sup.) 50 Pac. 875. See, also, Guerney v. Moore, 131 Mo. 650, 32 S. W. 1132. The case of Hawkins v. Glenn, 131 U. S. 319, 9 Sup. Ct. 739, as I understand it, decides that the effect of a judgment against a corporation shall, in a suit to enforce the liability of its stockholders, be determined by the laws of the state "where the corporation dwelt, in reference to whose laws the stockholders contracted, and in whose courts the creditors were compelled to seek the remedy accorded." In the last-named case, the trustee in insolvency of a Virginia corporation obtained in a court of Virginia a decree levying an assessment upon the stockholders. This assessment he sought to collect from a certain stockholder by action brought in the circuit court of the United States for the Eastern district of North Carolina. The stockholder resisted upon the ground that he was not a party to the decree levying the assessment. The supreme court held, not only that the decree was binding upon him, but also that its effect was to be determined, not upon consideration of the laws or policy of North Carolina, or of the practice of the circuit court, but solely by interpretation of the Virginia statute, and in the interpretation of that statute the supreme court attached great weight to the opinion of the highest court of Virginia. See, also, Telegraph Co. v. Purdy, 162 U. S. 329, 336, 16 Sup. Ct. 810; Thomp. Corp. § 3392; 1 Cook, Stock, Stockh. & Corp. Law (3d Ed.) § 224; Mor. Priv. Corp. (2d Ed.) § 886.

There is need to mention but two cases cited by the defendant which are supposed to contradict the opinion just expressed. Chase v. Curtis, 113 U. S. 452, 5 Sup. Ct. 554, was a suit brought in the circuit court for the Southern district of New York upon a judgment recovered in a court of Pennsylvania against the officers of a New York corporation. The supreme court held that the New York statute establishing the liability of the officers was penal as against the officers, and so must be strictly construed. The courts of New York, which state had created the corporation and passed the statute, required the debt to be proved in the action against the corporation's officers, and did not, in that action, admit a judgment against the corporation as evidence of the debt. In enforcing the New York statute, the supreme court naturally declined to give to the judgment of the court

of Pennsylvania, either as evidence or as ground of action, any greater effect than was intended by the statute to be given to a judgment against the corporation, whether rendered in New York or elsewhere. As the courts of New York had interpreted the New York statute to require that the corporation's indebtedness to the plaintiff should be established in the action against the corporate officers, the supreme court adopted the same construction of the statute, and declined to give the Pennsylvania creditor, having a judgment against the corporation, any greater right than the New York statute had given to judgment creditors in general. It will be seen, therefore, that, rightly understood, Chase v. Curtis supports the opinion here advanced, viz. that, in enforcing the individual liability of stockholders, the effect to be given to the judgment against the corporation is to be determined by the laws of the state which created the corporation.

In Schrader v. Bank, 133 U. S. 67, 10 Sup. Ct. 238, the Manufacturers' Bank was liable to the People's Bank as guarantor. After the former had gone into liquidation, certain proceedings were had concerning the debt guarantied which discharged the guarantor. The Manufacturers' Bank, however, agreed to continue its guaranty, and on this renewed guaranty judgment was obtained against it. The supreme court held that this "judgment against the corporation was not binding on the stockholders in the sense that it could not be re-examined." The decision was rested upon Richmond v. Irons, 121 U. S. 27, 7 Sup. Ct. 788, which held that the renewed guaranty given by the Manufacturers' Bank was beyond the power of the bank's officers to create as a liability of the corporation binding the individual stockholders. The judgment recovered against the bank doubtless bound the bank, but, as the stockholders were not individually liable for all corporate debts, they were permitted to show that the debt of the bank for which the judgment was recovered against it and for which it was sought to hold them liable belonged to an excepted class. See Thomp. Corp. §§ 3402, 3403. Inasmuch, therefore, as the judgment rendered against the corporation in Kansas is in this suit conclusive evidence of the indebtedness of the corporation to the plaintiff, the demurrer to the second, third, and fourth paragraphs of the answer is sustained.

The fifth paragraph of the answer sets out that the defendant sold and transferred his stock in the corporation in 1891, which was some years before the return unsatisfied of the plaintiff's execution, and that since the said sale and transfer he has never been a stockholder of the corporation. The facts alleged in this paragraph could probably be given in evidence by the defendant under a general denial, and a specific setting forth of the facts in the answer may well be superfluous. The plaintiff, however, has not demurred upon this ground, but only because the answer does not state "the way in which [defendant] disposed of the stock," "nor to whom he transferred his said stock," "nor who became the owner of record." In these respects the answer is sufficient, and the demurrer to this paragraph is overruled.

The sixth paragraph of the answer is a plea of the Kansas statute of limitations. It has repeatedly been decided by the supreme

court that the time during which an action can be brought is determined by the lex fori; in this case, the statutes of Massachusetts. Townsend v. Jemison, 9 How. 407; Telegraph Co. v. Purdy, 162 U. S. 329, 339, 16 Sup. Ct. 810. It is true that, as stated by Judge (now Mr. Justice) Brown in Boyd v. Clark, 8 Fed. 849, "where a statute gives a right of action unknown to the common law, and either in a proviso or in a separate section limits the time within which an action shall be brought, such limitation is operative in any other jurisdiction wherein the plaintiff may sue." See Walsh v. Mayer, 111 U. S. 31, 37, 4 Sup. Ct. 260. But the Kansas statute of limitations here relied upon by the defendant is not a limitation upon the particular statutory right of action here sued upon, but is a general statute, limiting actions upon "a contract not in writing, express or implied," and "upon a liability created by statute other than a forfeit or penalty." Such a statute does not govern this suit brought in this court.

The case of Bank v. Francklyn, 120 U. S. 747, 7 Sup. Ct. 757, cited by the defendant, has no application here. It decides that, where the statute of a state establishing a corporation makes its stockholders liable for its debts after a judgment obtained against the corporation, no action can be brought against the stockholders in federal courts sitting in other states until after a judgment against the corporation has been obtained. To a like effect are Hawkins v. Glenn, 131 U. S. 319, 9 Sup. Ct. 739, and Glenn v. Liggett, 135 U. S. 533, 10 Sup. Ct. 867. These cases decide that the time at which the defendant's liability accrues so as to start the running of the statute of limitations is determined by the statute establishing the corporation, and not by the lex fori; but one of the cases, at least, plainly intimates that the lex fori does fix the length of time during which the plaintiff's liability attaches. 135 U. S. 547, 10 Sup. Ct. 867. To the same effect is the decision in Andrews v. Bacon, 38 Fed. 777, which holds that the law of the state establishing the corporation determines if the debt which the plaintiff seeks to collect rests upon a specialty. If the language of the opinion is susceptible of a wider interpretation, it must be read with reference to the points raised and the authorities cited. The demurrer to the sixth paragraph is sustained.

The seventh paragraph alleges that the liability of the stockholders under the statutes of Kansas accrues to the benefit of the receiver of the corporation, and not to the benefit of the corporation's creditors individually. As has already been stated, this is not the interpretation of the statute of Kansas put upon it by the courts of that state, and by their interpretation this court is guided. The demurrer to the seventh paragraph is therefore sustained.

The eighth paragraph to the answer alleges that the plaintiff has not taken "requisite proceedings to entitle him to recover in this action, and has not complied with the laws of Kansas." No defect in the plaintiff's proceedings has been suggested other than those already noticed, and I have discovered none.

The plaintiff's demurrer to the second, third, fourth, sixth, seventh, and eighth paragraphs of the defendant's answer is sustained, and the demurrer to the fifth paragraph is overruled.