## FIDELITY INSURANCE, TRUST & SAFE-DEPOSIT CO. v. MECHANICS' SAV. BANK.

(Circuit Court of Appeals, Third Circuit.   October 31, 1899.)

### No. 27.

1. CORPORATIONS—ACTION TO ENFORCE STATUTORY LIABILITY OF STOCKHOLDERS —KANSAS STATUTE.

   Under the constitution and statutes of Kansas subjecting stockholders in corporations to an additional liability in favor of creditors to the amount of their stock, and providing (Comp. Laws Kan. 1879, c. 23, § 32) that a judgment creditor of the corporation, after an execution returned unsatisfied, "may proceed by action to charge the stockholders with the amount of his judgment," such an action is for the individual benefit of the creditor suing, and he may proceed at law against a stockholder in any court of general jurisdiction where personal service may be made on the defendant.[1]

2. SAME—EFFECT OF APPOINTMENT OF RECEIVER.

   Under such a statute, the liability of the stockholder, being directly to the creditor, cannot be enforced by a receiver appointed for the corporation, and the appointment of such receiver does not affect the right of a judgment creditor to maintain an action against a stockholder to enforce such liability.

3. SAME—LIMITATION OF ACTION—DEATH OF STOCKHOLDER.

   The contingent liability of a stockholder in a Kansas corporation under the statutes of that state upon his death continues against his personal representative, so that his death does not start the statute of limitations to running against an action to enforce such liability by a creditor whose right of action accrued subsequent to such death.

4. SAME—DEFENSES—EFFECT OF STATE DECISION.

   The supreme court of Kansas having held that a stockholder in a corporation of that state, when sued by a creditor of the corporation under its statutes to enforce the additional liability imposed thereby, which is several, and may be enforced by any judgment creditor, may plead as a defense, either in whole or pro tanto, a bona fide indebtedness from the corporation to him, existing when the plaintiff's cause of action accrued, such holding, being based upon a construction of the statute and the nature of the stockholder's liability thereunder, becomes a part of the statute law of the state, and determines the rights of the parties to an action brought thereunder in another jurisdiction.

5. SAME—EQUITABLE OR LEGAL NATURE OF DEFENSE.

   Such a defense is not an equitable one in any technical sense, but one which goes directly to the question whether the defendant, as a stockholder, is subject to any liability under the statute which the plaintiff can enforce and is cognizable in a court of law, which can only enforce the statutory liability according to its limitations as fixed by the courts of the state.

In Error to Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion of circuit court, see 91 Fed. 456.

R. C. Dale, for plaintiff in error.

Russell Duane, for defendant in error.

Before ACHESON, Circuit Judge, and BUFFINGTON and BRADFORD, District Judges.

---

[1] As to stockholders' liability to creditors of corporation, see note to Rickerson Roller-Mill Co. v. Farrell Foundry & Machine Co., 23 C. C. A. 315, and, supplementary thereto, note to Scott v. Latimer, 33 C. C. A. 23.

ACHESON, Circuit Judge. Section 2 of article 12 of the constitution of the state of Kansas reads thus:

"Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law; but such individual liabilities shall not apply to railroad corporations, nor corporations for religious or charitable purposes."

And a statute of that state contains the following provisions to enforce such individual liability after a creditor has obtained judgment against the corporation:

"Sec. 32. If any execution shall have been issued against the property or effects of a corporation, except a railway or a religious or charitable corporation, and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders, to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon, but no execution shall issue against any stockholder, except upon an order of the court in which the action, suit or other proceeding shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged; and, upon such motion, such court may order execution to issue accordingly; or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment." Comp. Laws 1879, c. 23, § 32.

The Mechanics' Savings Bank having become a creditor of the Davidson Investment Company, a corporation created under and by virtue of the laws of the state of Kansas, and there located, instituted an action against that corporation in the district court of Cowley county, in the state of Kansas, and on January 24, 1895, obtained judgment therein against the said corporation in the sum of $9,022. Afterwards, on September 30, 1895, the plaintiff caused execution to be issued upon said judgment against the Davidson Investment Company, the defendant therein, which execution was returned wholly unsatisfied, it appearing that there could not be found any property whereon to levy such execution. The present action is founded upon that judgment, and was brought on July 16, 1896, by the Mechanics' Savings Bank against the personal representative of John G. Reading, deceased.

This record discloses that John G. Reading died on June 27, 1891; that on July 26, 1892, the defendant below, the Fidelity Insurance, Trust & Safe-Deposit Company, became the administrator de bonis non cum testamento annexo of his estate; and that at the time of his death John G. Reading was the owner of 150 paid shares of the capital stock of the said Davidson Investment Company, of the par value of $100 per share, the certificates for which came into the defendant's hands as administrator of said estate. This action is to enforce the additional or double liability upon said stock under the constitution and statute of the state of Kansas above recited. It is further shown by the record that the defendant below, as administrator of the estate of John G. Reading, deceased, became and has remained the holder of 15 bonds of the said Davidson Investment Company to the aggregate amount of $15,000; that default in the payment of interest thereon occurred in April, 1892, and that thereby, under the terms of the bonds, and in consequence of action taken by the

administrator, the principal became due in April, 1893.   Thus it appears that at the date when the plaintiff obtained its aforesaid judgment against the Davidson Investment Company, and also at the time this action was brought, the Davidson Investment Company was indebted on said bonds to the estate of John G. Reading in an amount then due exceeding the plaintiff's claim, which indebtedness still exists.   The court below directed a verdict for the plaintiff for the amount of its claim, subject to the opinion of the court upon certain reserved questions of law raised by the defendant's points.   Such verdict having been rendered, the court subsequently ruled the reserved questions in favor of the plaintiff, and entered judgment against the defendant upon the verdict.

The first question which this court is called upon to consider is whether the liability of a stockholder in a Kansas corporation, under the constitution and statute of that state, to pay an additional amount equal to the par value of the stock owned by him, can be enforced in a federal court in an action at law brought by a judgment creditor against a stockholder, to which action the debtor corporation is not a party.   This question the court below resolved in favor of the plaintiff.   The correctness of the ruling is here earnestly and ably controverted.   We are not persuaded, however, that the conclusion of the court in this regard was erroneous.   The nature and extent of the liability of such stockholders are to be determined here according to the law of Kansas as declared by the supreme court of that state.   Now, we think that it is firmly established by the decisions of that court that the double liability of such stockholders is several, and not joint, and that, when proceeded against by action to enforce the same, each must be sued separately; that such action can only be maintained by a judgment creditor of the corporation after execution upon his judgment against the corporation is returned unsatisfied; and that the plaintiff in such action sues for his own exclusive benefit.   Howell v. Manglesdorf, 33 Kan. 194, 5 Pac. 759; Abbey v. Dry-Goods Co., 44 Kan. 415, 24 Pac. 426; Howell v. Bank, 52 Kan. 133, 34 Pac. 395; Bank v. Magnuson, 57 Kan. 573, 47 Pac. 518.   These principles, it seems to us, lead irresistibly to the conclusion that under the last clause of the statute, namely, "or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment," an action at law to enforce the double liability may be maintained by a judgment creditor of the corporation against a stockholder in any court of general jurisdiction where personal service may be made upon the stockholder.   That this is the true construction of the statute was declared by the supreme court of Kansas in Howell v. Manglesdorf, supra.   Such, also, has been the conclusion reached by courts in other jurisdictions in cases involving this Kansas statute, and where this identical question of remedy was involved.   Bank v. Rindge (C. C.) 57 Fed. 279; Rhodes v. Bank, 13 C. C. A. 612, 66 Fed. 512; McVickar v. Jones (C. C.) 70 Fed. 754; Whitman v. Bank, 28 C. C. A. 404, 83 Fed. 288; Dexter v. Edmands (C. C.) 89 Fed. 467; Bank v. Ellis, 166 Mass. 414. 44 N. E. 349; Ferguson v. Sherman, 116 Cal. 169, 47 Pac. 1023.

The next question here presented is whether, by the appointment

of a receiver of the Davidson Investment Company prior to the bring-
ing of this suit, the right of action to enforce the stockholder's double
liability became vested solely in the receiver. The views we have
heretofore expressed require a negative answer to this question.
The liability of the stockholder is directly to the judgment creditor,
and the receiver cannot enforce it. The decisions of the supreme
court of Kansas above cited we think show that an action by the re-
ceiver to enforce this double liability is not maintainable. To the
cases already mentioned may be added Sterne v. Atherton (Kan.
App.) 51 Pac. 791. In Bank v. Ellis, supra, it was held by the su-
preme court of Massachusetts that the fact that the corporation was
in the hands of receivers was immaterial under the construction given
to the statute by the supreme court of Kansas, and which construc-
tion that court followed. A like ruling was made in Dexter v. Ed-
mands (C. C.) 89 Fed. 473.

We are of the opinion that the questions arising upon the defend-
ant's first and second points were correctly decided by the court be-
low. The fact that John G. Reading died more than four years before
the plaintiff's cause of action accrued by the obtaining of his judg-
ment and return of execution unsatisfied did not prevent the main-
tenance of this action. The case of Richmond v. Irons, 121 U. S.
27, 7 Sup. Ct. 788, and the other cases cited in the opinion of the
court below, show that the contingent liability of a stockholder in
a Kansas corporation upon his death survives as against his per-
sonal representatives.

We are not prepared to say that the court below erred in de-
clining to find that the Davidson Investment Company ceased to
do business, within the meaning of the Kansas statute, prior to
July 15, 1892, and therefore we conclude that the court rightly held
that the action was not barred either by the statute of limitations
of the state of Kansas or by the Pennsylvania act of March 28,
1867.

Thus far we are in accord with the opinion and the rulings of the
circuit court. There remains, however, to be considered one other
important question arising upon the defendant's fourth point,
namely, whether the estate of John G. Reading, deceased, as a cred-
itor of the Davidson Investment Company, to an amount exceed-
ing the plaintiff's claim, upon an indebtedness which was due to
the estate prior to the date when the plaintiff obtained his judg-
ment against that corporation, was not entitled to use that indebt-
edness as a defense in this action. The general subject of the de-
fense arising from counterclaims against the corporation available
to a stockholder in a suit to enforce his statutory additional lia-
bility is discussed in the text-books. In 1 Cook, Stocks & S. § 225,
it is said:

"It has been held that, where the statute creates a fund out of which the
creditors are to be paid ratably, then the stockholder cannot set off an
indebtedness of the corporation to him. He must pay in what the statute re-
quires, and then prove his claim against the corporation like any other cred-
itor. But where the shareholder's liability by statute is immediate, and per-
sonal, and several, and any creditor may sue any shareholder, then a share-
holder may set off a debt owing to him from the corporation, when he is sued
by a corporate creditor."

The same doctrine is expressed in 2 Beach, Priv. Corp. § 727, and in 2 Mor. Priv. Corp. §§ 861, 862. The rule is stated in Tayl. Priv. Corp. § 732, thus:

"When, however, a single creditor can and does sue a shareholder at law to enforce the statutory liability of the latter, it is then competent for the shareholder to set off a debt owing him from the corporation."

The doctrine thus laid down by these law writers is well sustained by their citations of adjudged cases. The rule above stated commends itself as manifestly just. Its applicability here is apparent, for under the law of Kansas the statutory double liability is not impressed with any trust for the benefit of the creditors ratably, but the liability imposed upon the stockholders is immediate, and personal, and several, and of such nature that any creditor may institute an independent action in his own right, exclusively, against any stockholder. We are not, however, here left wholly to general principles. The courts of Kansas have authoritatively spoken. In Howell v. Manglesdorf, supra, it was declared that the action to enforce the stockholder's liability does not accrue until execution upon the judgment against the corporation has been returned unsatisfied, and that the stockholder, when sued, may show in defense that he has already voluntarily paid the amount of his individual liability to other creditors of the corporation. In Abbey v. Long, 44 Kan. 688, 24 Pac. 1111, it was ruled that the stockholder cannot set off the face amount of claims against the corporation which he has bought at a discount, but only the amount he has actually paid therefor. In Musgrave v. Association, 5 Kan. App. 393, 49 Pac. 338, the court of appeals of Kansas held that the stockholder against whom proceedings were had to enforce payment of a stock liability might set up in defense debts due him from the corporation. The precise question now before us was distinctly ruled by the supreme court of Kansas (the highest court of the state) in favor of the stockholder in the recent case of Pierce v. Security Co., 55 Pac. 853,—a case which, we ought to say, was decided after the court below had ruled the question now under consideration. The substantial facts shown in that case were identical with the facts here appearing. The plaintiff, Mary H. Pierce, had obtained a judgment against a Kansas corporation, and, after return of an execution unsatisfied, she instituted a proceeding against Baker, a stockholder of the corporation, to enforce his statutory double liability. Baker, in defense, showed that he had paid the full face value of his stock, and that he had bona fide judgments and claims against the corporation which exceeded the amount of the stock owned by him, and that these claims and demands accrued when the corporation was a going concern, and prior to the bringing of the action in which Mary H. Pierce obtained her judgment. The supreme court sustained this defense. In the course of its opinion the court said:

"The claim of the stockholder is not a set-off in its technical legal sense, but it is an equitable defense, which is entitled to make. When he becomes a bona fide creditor of the corporation, he is clothed with the same equity as contract creditors."

The court, referring to the case of Abbey v. Long (which we have cited above), said:

"If a stockholder may set off voluntary payments made by him of the debts of the corporation in diminution or bar of a recovery against him, there is no good reason or authority why he may not also set off in like manner the indebtedness due from the corporation to him."

Again, the court said:

"The view taken is based largely on the nature of the liability sought to be enforced, and the character of the proceeding brought to enforce the same. Under our statute the liability imposed on stockholders is personal and several, and any creditor may institute an independent action against any stockholder for the enforcement of corporate debts."

The court further declared:

"Where the statute creates a liability against stockholders which is personal and several, and actionable by any creditor against any stockholder, it is generally held that a stockholder may, in such a proceeding, brought against himself, set off debts due to him from the company."

And in support of this last proposition the court cited the text writers to whom we have already referred.

Now, certain it is that, had an action been brought by this plaintiff against this administrator in a court of the state of Kansas to enforce the alleged liability of John G. Reading's estate, the defense here presented by the fourth point would have been effectual. Why, then, should a defense which is good in a court of Kansas be unavailing to a defendant sued in Pennsylvania? The liability sought to be enforced and the remedy by action upon the plaintiff's judgment arise under the statute of Kansas. Surely, that statute is to be construed in the same way, and the same effect given to it, in both jurisdictions. It is an established principle that the interpretation within the jurisdiction of a state by its highest court of a local statute becomes a part of that law, as much so as if incorporated by the legislature in the body of the statute. Christy v. Pridgeon, 4 Wall. 196, 203. In Shelby v. Guy, 11 Wheat. 361, 367, the supreme court of the United States, speaking of state statutes, said:

"Nor is it questionable that a fixed and received construction of their respective statute laws in their own courts makes, in fact, a part of the statute law of the country, however we may doubt the propriety of that construction."

We think it very clear that the decision of the supreme court of Kansas in Pierce v. Security Co., supra, is founded upon the construction of the Kansas statute. The language of the court we have quoted makes this plain. The basis of the decision is the nature of the statutory liability, and the character of the statutory proceeding for its enforcement. This is not an equitable defense in any technical sense. The phrase was not used in that sense by the Kansas court. The claim and the defense are cognate. Both are cognizable at law. The defense grows out of the nature of the liability. There is no necessity or reason for the defendant's resorting to a court of equity. No distinctive equitable relief is required by the defendant. No accounting, or apportionment, or other equitable adjustment is involved. The issue is simply be-

tween the plaintiff, who proceeds upon the footing of a supposed existing liability, and the defendant, who sets up the extinguishment of that liability. The defense is purely a legal one, arising under the statute of Kansas as interpreted by the supreme court of that state. If this statutory liability is to be enforced at all in a court of law, it must be enforced according to its limitations as defined by the supreme court of Kansas. It would be most remarkable if nonresident stockholders of a Kansas corporation, sued at law in courts of the United States upon a liability under the statute of Kansas, were denied the benefit of a personal defense authorized by the statute as construed by the supreme court of that state, and available to every local stockholder proceeded against by personal action in the courts of Kansas. We do not think that the cases relied on sanction a result so unjust and so unnecessary. The right of set-off, generally, defenses arising from counterclaims, and even "any equitable defense growing out of the same transaction," are freely open to defendants sued at law in circuit courts of the United States. Winder v. Caldwell, 14 How. 434, 443; Partridge v. Insurance Co., 15 Wall. 573, 580. Speaking for the supreme court, Mr. Justice Miller, in the latter case, said:

"It would be a most pernicious doctrine to allow a citizen of a distant state to institute in these courts a suit against a citizen of the state where the court is held, and escape the liability which the laws of the state have attached to all plaintiffs, of allowing just and legal set-offs and counterclaims to be interposed and tried in the same suit and in the same forum."

The judgment of the circuit court is reversed, and the case is remanded to that court, with direction to enter judgment for the defendant upon the reserved question of law arising upon the defendant's fourth point non obstante veredicto.