As to when automobile is adjudged to be under control, see note in 28 A. L. R. 952.

---

HIRNING, Respondent, v. OPPOLD, Appellant.

(201 N. W. 720.)

(File No. 5657.   Opinion filed January 13, 1925.)

1. **Corporations — Stockholders' Liability — Stockholders' Individual Liability Creature of Constitution and Statutes.**

   Individual liability of stockholders is creature of Constitution and statutes.

2. **Banks and Banking—Constitutional Law—Constitutional Provisions as to Liability of Stockholders Self-executing.**

   Provisions of Const. Art. 18, Sec. 3, as to liability of stockholders in banking corporation to extent of par value of stock for any indebtedness of association, are self-executing.

3. **Banks and Banking—Constitutional Law—Equity—Amount of Indebtedness and Names and Amount of Stock Held by Each Stockholder Need Not be Set Forth in Action to Enforce Liability.**

   Action to subject stockholders of bank to liability for indebtedness thereof, under Const. Art. 18, Sec. 3, need not be by suit in equity, in which amount of stock held by respective holders must be set forth; Rev. Code 1919, Sec. 8993, not providing for such action.

4. **Banks and Banking—Superintendent of Banks—Stockholders Liability—Superintendent of Banks Authorized to Bring Action at Law Against Individual Stockholders of Failed Bank.**

   Rev. Code 1919, Secs. 8937-8940, authorize action at law by superintendent of banks against stockholders of failed banks individually to enforce their liability, under Const. Art. 18, Sec. 3, when it appears to superintendent that bank's assets are insufficient to pay liabilities.

Appeal from Circuit Court, Minnehaha County; Hon. John T. Medin, Judge.

Action by John Hirning, as State Superintendent of Banks, against John Oppold. From an order overruling a demurrer, defendant appeals. Affirmed.

*M. G. Luddy* and *Boyce, Warren & Fairbank,* all of Sioux Falls, for Appellant.

*Bielski, Elliott & Marker,* of Sioux Falls, for Respondent.

Appellant cited: Union National Bank of Omaha v. Halley, 19 S. D. 475, 104 N. W. 213; Terry v. Little (U. S.), 25 L. ed. 864; Terry v. Tubman (U. S.), 23 L. ed. 537; Pollard v. Bailey (U. S.), 25 L. ed. 376; Conway v. Owensboro Savings Bank and Trust Co., 165 Fed. 822; Granella v. Bigelow (Wis.), 71 N. W. 111; German Nat. Bank v. Farmers & Merc. Bank, 74 N. W. 1086; Sleeper v. Goodwin, 31 N. W. 335; Pickering v. Hastings, 76 N. W. 587; Coleman v. White, 14 Wis. 762; 4 Standard Cyc. of Pro. 23; Hirshfield v. Bopp, 39 N. E. 817; Lane's Appeal, 105 Pa. 49, 51 Am. Rep. 166.

Respondent cited: Smith v. Huckabee, 53 Ala. 191.

SHERWOOD, J. This is an action by John Hirning, as superintendent of banks, against a stockholder of the failed bank of Tea, founded on the constitutional and statutory liability as such stockholder. Defendant's demurrer was overruled, and he appeals:

The complaint, omitting formal parts, alleged plaintiff's capacity to sue; that the action was brought under direction and supervision of the Attorney General, and that the atorneys appearing were authorized to conduct the suit; that Farmers' Savings Bank of Tea is a banking corporation under the laws of South Dakota. On June 31, 1923, it was found insolvent and John Hirning, as superintendent of banks, took charge under the statute of this state, and such bank has since been suspended in its operations; that, when so taken over, the assets were insufficient to pay its liabilities; that the superintendent found it necessary to liquidate the affairs of the bank as provided by law, and, after taking possession of the bank, it appeared to the superintendent, and now so appears, and the facts are that the assets of said bank are insufficient to pay its liabilities and the whole legal liability of its

stockholders must be collected to pay its debts; that defendant was, and is, the owner of 10 shares of the stock of said bank of the par value of $1,000; that $1,000 was due from defendant to plaintiff, and that demand for payment was duly made and payment refused.

To this complaint a demurrer was interposed on the following grounds: (1) Plaintiff has no legal capacity to sue. (2) Defect of parties plaintiff. (3) Defect of parties defendant. (4) The complaint does not state facts sufficient to constitute a cause of action.

Under this demurrer appellant states his contention in the three following questions:

"(A)  Should this action be brought at law to recover the stockholder's liability as an asset of the bank, or should the action be a suit in equity for an accounting and determination of the liability of the defendant and the amount which he may be required to pay after determining the assets and liabilities of the bank and the deficiency upon which it may be necessary to apply the sum sought to be recovered from this defendant?

"(B)  Should the other stockholders be joined as parties defendant in such a suit?

"(C)  Should the complaint set forth the financial condition of the bank, pleading the facts with respect to the assets and liabilities of the bank and the deficiency remaining, so that the complaint will show upon its face whether or not it is necessary to call upon defendant for this extraordinary liability, and if so, how much of the liability would be necessary to be called for in this purpose?"

[1]  It should be noted that the individual liability of stockholders in a corporation is always a creature of the Constitution and statutes. It was not known to the common law. Terry v. Little, 101 U. S. 216, 2 5L. ed. 864; Pollard v. Bailey, 20 Wall. 520, 22 L. ed. 376; Smith v. Huckabee, 53 Ala. 191. In a federal court the nature and extent of the liability of a stockholder of a corporation under the laws of any particular state is to be determined according to the law of such state, as declared by the highest court of such state. Fidelity, etc., Co. v. Mechanics' Savings Bank, 97 F. 297, 38 C. C. A. 193, 56 L. R. A. 228.

[2]   Article 18, § 3, of our state Constitution provides:

"The shareholders or stockholders of any banking corporation shall be held individually responsible   *   *   *   for all contracts, debts and engagements of such corporation to the extent of the amount of their stock therein at the par value thereof, in addition to the amount invested in such shares of stock."

This provision has been in force and unamended since the adoption of the Constitution in 1889.

While our present section 8993, R. C. 1919, has passed through several amendments since it was referred to by Mr. Justice Corson as section 864 of the Civil Code, in Union National Bank of Omaha v. Halley, 19 S. D. 474, 104 N. W. 213, we think the liability of the ordinary stockholder in a bank remains the same as it was when that case was decided.   In that case this court held:

"The provisions of the Constitution relating to the liability of stockholders in a banking corporation are self-executing."
—the Constitution having made the stockholder absolutely liable to the extent of the par value of his stock for any indebtedness of the association.

[3]   It was further held that:

"The contention of the respondent that the action should be by a suit in equity, in which the amount of indebtedness must be set forth, and the names and amount of stock held by the respective stockholders, is not tenable, as no provision is made in the Code for such an action."

We still hold these views.

[4]   The only other sections of the statute which have been called to our attention by counsel, or which we have been able to find applicable to the questions presented, are 8937, 8938, 8939, and 8940, R. C. 1919.   Section 8938, supra, forbids certain creditors from attaching or levying execution until all depositors and creditors of the failed bank have been fully paid.

All creditors are forbidden to bring action to enforce any stockholders' liability, unless and until the court is satisfied the superintendent of banks has refused to bring the action, and it is made the duty of the superintendent of banks to immediately bring action against stockholders to enforce their liability as soon

as it appears to him that the assets of the institution are insufficient to pay its liabilities and all funds collected are deemed assets of the bank. Section. 8937, supra.

If any funds remain in the superintendent's hands after the liquidation of the bank is completed, such funds must be distributed among the stockholders in proportion to their stockholdings. Section 8940, supra.

It seems clear from these provisions of statute that the action they authorize the superintendent of banks to bring is the action the creditors are restrained from bringing. We therefore hold that the action so authorized to be brought by the superintendent of banks is an action at law by such superintendent against the several stockholders individually. It is also clear the statute was framed primarily to give to depositors and creditors the fullest protection against loss, and to provide through the superintendent of banks a speedy and adequate remedy to obtain their claims. The statute provides for immediate suit against stock holders, as soon as it appears to the superintendent that the assets of the bank are insufficient to pay its liabilities; the liability of the stockholder being absolute and becoming fixed, when it appears to the superintendent of banks that the assets are insufficient to pay its liabilities. Union Nat. Bank of Omaha v. Halley, supra; Security State Bank v. Gannon, 39 S. D. 232, 163 N. W. 1040. It follows that the complaint is sufficient.

The order overruling the demurrer is affirmed.

ANDERSON, J., not sitting.

Note.—Reported in 201 N. W. 720. See, Headnote (1), American Key-Numbered Digest, Corporations, Key-No. 215, 14 C. J. Sec. 1507; (2) Banks and banking, Key-No. 44, 7 C. J. Sec. 85; Constitutional law, 12 C. J. Sec. 136; (3) Banks and banking, Key-No. 49(1), 7 C. J. Sec. 85; (4) Banks and banking, Key-No. 49(6), 7 C. J. Sec. 110 (1926 Anno.)

On right to enforce stockholders' liability outside of state of incorporation, see notes in 34 L. R. A. 737; 33 L. R. A. (N. S.) 895.

On self-executing constitutional provisions as to stockholders' liability, see note in 16 L. R. A. 285.